UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2143(DSD/JJK)

Quera Pruitt, on behalf of
herself and all others
similarly situated,

              Plaintiff,

v.                                          **AMENDED ORDER**[1]

Karsten Anderson, in his
individual and official
capacity; Dr. Beth Borgen,
in her individual and official
capacity; Red Wing Public
Schools, ISD #256; John and
Jane Does, in their individual
and official capacity,

              Defendants.


     A.L. Brown, Esq., Law Offices of A.L. Brown, 2515 White
     Bear Avenue, Suite A-8103, Maplewood, MN 55109 and Joshua
     R. Williams, Esq. and Law Office of Joshua R. Williams,
     PLLC, 2701 University Avenue, S.E., Suite 209,
     Minneapolis, MN 55414, counsel for plaintiff.

     Morgan A. Godfrey, Esq. and Johnson & Condon, PA, 7401
     Metro Boulevard, Suite 600, Minneapolis, MN 55439,
     counsel for defendants.


This matter is before the court upon the motion to dismiss by

defendants Red Wing Public Schools, ISD #256 (ISD #256); Karsten

Anderson; Dr. Beth Borgen and John and Jane Does.  Based on a

review of the file, record and proceedings herein, and for the

following reasons, the court grants the motion in part.

---

     [1]The only change made is to item three of the SO ORDERED
section, to conform with the language and intent of the order to
dismiss the § 1983 claim with prejudice only as to Anderson.

**BACKGROUND**

This race-discrimination dispute arises out of student actions during the Red Wing High School (RWHS) homecoming celebration in 2008 and 2009. The RWHS student council encouraged students to dress according to different themes during homecoming week. Compl. ¶ 9. The student council designated the theme for Wednesday, September 30, 2009, as "Tropical Day." Id. ¶ 10. A group of RWHS students instead decided the Wednesday theme would be "Wigger Day" or "Wangsta Day."[2] Id. ¶ 11. As a result, on Wednesday, September 30, 2009, sixty to seventy students wore "oversized sports jerseys, low-slung pants, baseball caps cocked to the side and 'doo rags.'" Id. ¶¶ 11, 18.

Plaintiff Quera Pruitt is black and attended RWHS from 2008 until her graduation in 2010. Id. ¶¶ 1, 7. Pruitt and her mother complained to school officials that Wigger Day was racially offensive. Id. ¶ 25. Defendants "did not take school-wide action" to address Wigger Day before "intervention by state and federal government officials." Id. ¶ 30. As a result, Pruitt chose not to celebrate Dr. Martin Luther King Jr. Day at RWHS. Id. ¶¶ 31-34.

---

[2] "Wigger" refers to "a white youth who affects the speech patterns, fashion and other manifestations of black youth." The Routledge Dictionary of Modern American Slang and Unconventional English, 1056 (Tom Dulzel ed., 2009). "Wangsta" refers to "someone, especially a white person, who poses as a gangsta rapper." Id. at 1038.

On July 29, 2011, Pruitt filed the present action, claiming a hostile environment in violation of the Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d; race discrimination in violation of 42 U.S.C. § 1983; race discrimination and aiding and abetting race discrimination in violation of the Minnesota Human Rights Act (MHRA) and common-law negligence. Defendants move to dismiss the complaint for failure to state a claim.[3]

**DISCUSSION**

**I.   Rule 12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above

---

[3] Defendants also move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). Following proper service of process upon ISD #256, those motions are moot.

the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

In general, the court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d); Brooks v. Midwest Heart Group, 655 F.3d 796, 800 (8th Cir. 2011).  In this action, the charge of discrimination filed with the Minnesota Department of Human Rights, Brown Decl. Ex. E, ECF No. 11-1, is outside the pleadings: it is not attached to the complaint or referenced in the complaint.

## II.  Title VI

Section 601 of Title VI provides that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d.  Individuals may sue under Title VI for intentional discrimination.  Alexander v. Sandoval, 532 U.S. 275, 280 (2001).

As an initial matter, the Eighth Circuit has not addressed school liability for student harassment under Title VI, but has found such harassment actionable under Title IX of the Education Amendments of 1972 (Title IX).  See Wolfe v. Fayetteville, Ark. Sch. Dist., 648 F.3d 860 (8th Cir. 2011); Shrum ex rel. Kelly v.

4

Kluck, 249 F.3d 773, 782 (8th Cir. 2001); see also Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 633 (1999). Congress modeled Title IX after Title VI, and courts look to both statutes for guidance.  See Grandson v. Univ. of Minn., 272 F.3d 568, 571 (8th Cir. 2001).

Moreover, several other courts of appeals have held that a plaintiff may sue a school district under Title VI for intentional failure to address a racially hostile environment.  See Whitfield v. Notre Dame Middle Sch., 412 F. App'x 517, 521 (3d Cir. 2011); DT v. Somers Cent. Sch. Dist., 348 F. App'x 697, 699 (2d Cir. 2009); Bryant v. Ind. Sch. Dist. No. I-38, 334 F.3d 928, 934 (10th Cir. 2003).  As a result, the court determines that Title VI supports an individual suit against a school for intentional discrimination in the form of a racially hostile environment.

To state a claim for a racially hostile environment, a plaintiff must plead facts sufficient to support a reasonable inference that a defendant was "(1) deliberately indifferent (2) to known acts of discrimination (3) which occurred under its control." Shrum, 249 F.3d at 782 (citing Davis, 526 U.S. at 664).  A school is deliberately indifferent when it ignores a "strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights." Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011) (quoting Barber ex rel. Barber v. Colo. Dept. of Revenue, 562 F.3d 1222, 1228-29 (10th Cir.

2009).   To constitute discrimination under Title VI, student harassment must be motivated by a plaintiff's race and be "so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." Davis, 526 U.S. at 651; see Wolfe v. Fayetteville, Ark. Sch. Dist., 648 F.3d 860, 864, 867 (8th Cir. 2011) ("Acts of name-calling do not amount to sex-based harassment [under Title IX], unless the underlying motivation for the harassment is hostility toward the person's gender.").[4]

In the present action, the complaint contains few factual assertions.   Pruitt alleges that students participated in Wigger Day in 2008 and that on September 30, 2009, sixty to seventy students dressed in a manner stereotypically associated with black youth.   She further alleges that RWHS was aware of Wigger Day in 2009 but took inadequate action to prevent its reoccurrence.   Upon a motion to dismiss, the court must view the plausibility of the claim as a whole, drawing on "judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.   Common sense suggests that even these meager facts are sufficient to "raise a reasonable expectation that discovery will reveal evidence" of a Title VI violation. Twombly, 550 U.S. at 556.   As a result, dismissal of

---

[4]  The language of Title IX, "on the basis of sex," is materially the same as Title VI, "on the ground of race."   Compare 20 U.S.C. § 1681(a), with 42 U.S.C. § 2000d.

the Title VI claim against ISD #256 is not warranted, and the motion is denied as to ISD #256.

Dismissal is warranted, however, as to the Title VI claim against Anderson. Title VI does not support individual liability. See Whitfield, 412 F. App'x at 521; Schotz v. City of Plantation, Fla., 344 F.3d 1161, 1170 n.12 (11th Cir. 2003); Buchanon v. City of Bolivar, Tenn., 99 F.3d 1352, 1356 (6th Cir. 1997). Therefore, the Title VI claim is dismissed with prejudice as to Anderson.[5]

## III.  Section 1983

Section 1983 of Title 42 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizens of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Section 1983 is not an independent source of rights, and a complaint must allege a deprivation of a specific right, privilege, or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

The present complaint alleges that "[p]laintiff had a constitutional and statutory right to have equal access to public education, without regard for her race." Compl. ¶ 47. Defendants

---

[5] Pruitt conceded her Title VI claim against Anderson.

7

argue that the complaint fails to identify a violation of a constitutional right.  The court agrees.

Even reading an Equal Protection Clause claim into the complaint, the complaint is too vague to provide sufficient notice. Defendants cannot know whether Pruitt claims failure to train RWHS employees, failure to act upon complaints of unconstitutional conduct or some other basis.  See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Plamp v. Mitchell Sch. Dist. No. 17-2, 565 F.3d 450, 459 (8th Cir. 2009).  Therefore, the § 1983 claim is dismissed without prejudice, with leave to amend as to ISD #256.[6]

## IV.  MHRA Claims against ISD #256[7]

A claim of an unfair discriminatory practice under the MHRA must be brought within one year after the occurrence of the practice.  See Minn. Stat. § 363A.28, subdiv. 3.  Pruitt alleges that the discrimination occurred on September 30, 2009.  She filed this action on July 29, 2011, well past the one-year limit.  Pruitt did not plead or attach a timely charge of discrimination. As a result the MHRA claims appear barred by the statute of limitations.

---

[6] Pruitt conceded her § 1983 claim against Anderson, and that claim is dismissed.

[7] Pruitt conceded her MHRA claims against the individual defendants, and those claims are dismissed.

8

The charge of discrimination[8] that Pruitt filed with her
memorandum in opposition suggests that she did file within one year
of September 30, 2009, and thus her MHRA race discrimination claim
may be timely.  See Brown Decl. Ex. E., ECF No. 11-1.  But the
charge of discrimination is not properly before the court, and
therefore, the MHRA claims are dismissed without prejudice, with
leave to amend as to ISD #256.

**V.   Negligence**

The MHRA states, "[A]s to acts declared unfair by sections
363A.08 to 363A.19, and 363A.28, subdivision 10, the procedure
herein provided shall, while pending, be exclusive."  Minn. Stat.
§ 363A.04.  The negligence claim arises out of the same facts and
the same duty created by the MHRA.  If Pruitt timely asserted a
§ 363A.13 claim of race discrimination, that claim would be the
exclusive state-law remedy.  Because the court dismisses the MHRA
claims with leave to amend, it does not address the negligence
claim.  Should Pruitt amend her complaint to state a claim under
the MHRA, dismissal of the negligence claim would be warranted
under § 363A.04.

---

[8] The court notes that the charge of discrimination only
addresses race discrimination, not aiding and abetting, and it
appears that dismissal with prejudice of the aiding and abetting
claim may be proper.  The charge, however, is not properly before
the court, and the court withholds judgment.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss [ECF No. 4] is granted in part;

2.    The motion is denied as to the Title VI claim against ISD # 256 and granted as to Anderson;

3.    The motion is granted as to the § 1983 claim against Anderson and granted without prejudice, with leave to amend, as to the other defendants;

4.    The motion is granted as to the MHRA claims against all individual defendants, and granted without prejudice, with leave to amend, as to ISD #256;

5.    The motion is denied as to the negligence claim, with leave to renew should Pruitt state an MHRA claim; and

6.    Pruitt is granted leave to file an amended complaint in accordance with this order no later than January 10, 2012.

Dated:  January 12, 2012

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court

10